# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-795V
Filed: June 24, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| LINDA HEEG, | |
|     Petitioner, | Damages Decision Based on Proffer; |
| | Influenza or Flu Vaccine; |
| | Shoulder Injury Related to |
| SECRETARY OF HEALTH | Vaccine Administration ["SIRVA"]; |
| AND HUMAN SERVICES, | Special Processing Unit ["SPU"] |
|     Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Maximillian Muller, Esq.*, Muller Brazil, LLP, Philadelphia, PA, for petitioner.
*Camille Collett, Esq.*, U.S. Department of Justice, Washington, DC for respondent.

### DECISION AWARDING DAMAGES[1]

**Vowell**, Chief Special Master:

    On August 29, 2014, Linda Heeg filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"].  Petitioner alleges that she suffered a shoulder injury which was caused by the influenza vaccine she received on September 23, 2013.  Petition at 1.  The case was assigned to the Special Processing Unit of the Office of Special Masters.

    On May 14, 2015, I issued a ruling on entitlement, finding petitioner entitled to compensation for her shoulder injury related to vaccine administration ["SIRVA"].  On June 23, 2015, respondent filed a proffer on award of compensation ["Proffer"] indicating petitioner should be awarded $130,000.00 which "represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a)." Proffer at 1.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $130,000.00 in the form of a check payable to petitioner, Linda Heeg.**  This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**s/Denise K. Vowell**
Denise K. Vowell
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| LINDA HEEG,<br><br>               Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | No. 14-795V<br>Chief Special Master Denise Vowell<br>ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On May 14, 2015, respondent filed her Rule 4(c) Report, in which she conceded entitlement. On May 14, 2015, the Court issued a Ruling on Entitlement, finding that petitioner is entitled to compensation. Respondent now proffers that petitioner receive an award of a lump sum of **$130,000.00** in the form of a check payable to petitioner. This amount represents compensation for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner is entitled.[1] This proffer does not address final attorneys' fees and litigation costs. Petitioner is additionally entitled to reasonable attorneys' fees and litigation costs, to be determined at a later date upon petitioner submitting substantiating documentation.

Petitioner agrees with the proffered award of **$130,000.00**.

                                             Respectfully submitted,

                                             BENJAMIN C. MIZER
                                             Principal Deputy Assistant Attorney General

---

[1] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

LINDA S. RENZI
Senior Trial Counsel
Torts Branch, Civil Division

s/Camille M. Collett
CAMILLE M. COLLETT
Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Telephone: (202) 616-4098

Dated:  June 23, 2015